12-5042-cv
*Oakley Fertilizer, Inc. v. Hagrpota for Trading & Distrib., Ltd.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
         RICHARD C. WESLEY,
         PETER W. Hall,
                  *Circuit Judges.*

_____

OAKLEY FERTILIZER INC.,
D/B/A OAKLEY INTERNATIONAL,

                  *Petitioner-Appellee,*

            -v.-                              12-5042-cv

HAGRPOTA FOR TRADING & DISTRIBUTION, LTD.,

                  *Respondent-Appellant.*

_____

FOR APPELLANT:      PATRICK F. LENNON, Lennon, Murphy &
                    Lennon, LLC, New York, NY.

FOR APPELLEE:       JEFFREY S. BOXER (Matthew D. Dunn,
                    Michael K. Plumb, *on the brief*), Carter
                    Ledyard & Milburn, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Respondent-Appellant Hagrpota for Trading and Distribution, Ltd. ("Hagrpota") appeals from a November 16, 2012 Opinion and Order from the United States District Court for the Southern District of New York (Crotty, *J.*) granting Petitioner-Appellee Oakley Fertilizer Inc.'s ("Oakley") petition to confirm an arbitration award. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Between 2007 and 2009, Hagrpota and Oakley entered into a series of contracts to buy and sell fertilizer -- the parties' relationship failed to flourish. In January 2009, and again in August 2009, they entered into "partial resolution agreements" to memorialize some of the debts that Hagrpota

2

agreed it owed to Oakley.  After Hagrpota failed to make payments, Oakley initiated arbitration proceedings against Hagrpota in New York.

Hagrpota filed a motion in the United States District Court for the Southern District of New York (McMahon, *J.*) to stay the arbitration on the grounds that the parties did not have a written agreement to arbitrate the relevant dispute; Oakley cross-moved to compel arbitration.  Judge McMahon denied Hagrpota's motion and granted Oakley's cross-motion because the parties' 2007-2009 contracts contained (or included reference to) an arbitration clause covering any "claim *arising out of or relating to*" their agreement. *Hagrpota for Trading & Distrib., Ltd. v. Oakley Fertilizer Inc.*, No. 09 Civ. 9779(CM)(KNF), 2010 WL 2594286, at *6, *8 (S.D.N.Y. June 18, 2010) (emphasis in original).  The court closed the case, after its subsequent denial of Hagrpota's motion for reconsideration.

Section 16(a)(3) of the Federal Arbitration Act permits an appeal to be taken from "a final decision with respect to an arbitration that is subject to this title."  9 U.S.C. § 16(a)(3).  Pursuant to this Court's precedent, Judge McMahon's order compelling arbitration, and her

3

corresponding docket entry directing the clerk of the court to close the case, constituted a final order from which Hagrpota chose not to appeal. *See Cap Gemini Ernst & Young U.S., L.L.C. v. Nackel*, 346 F.3d 360, 362 (2d Cir. 2003) (per curiam).

The arbitration panel awarded Oakley approximately $10.5 million plus interest. During the course of the arbitration proceeding, Hagrpota asked the arbitrators to rule that the dispute was not arbitrable, making the same argument it had unsuccessfully urged to Judge McMahon. The panel, however, concluded that the dispute was arbitrable. Oakley brought a motion to confirm this award in the Southern District of New York; the case was given a new docket number and assigned to Judge Crotty. As Hagrpota argued before Judge Crotty, Judge McMahon, and the arbitrators, Hagrpota maintains on appeal that the parties did not have a written agreement to arbitrate the relevant dispute. Hagrpota claims that this is a distinct civil action (with a different docket number and before a different judge), but the difference is of no moment.

Hagrpota's decision not to appeal from Judge McMahon's final order, which rejected Hargpota's contention that the

4

dispute was not arbitrable and closed the case before her, estops Hagrpota from now appeal from Judge Crotty's post-arbitration adherence to Judge McMahon's ruling on that question.

We have considered Hagrpota's remaining arguments and deem them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5